IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1631 |
| ALETHEA BURKE WADE, SERBRINA WADE, LEKISHA WADE, and FRANK HOLLINGSWORTH, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Colonial Life & Accident Insurance Company ("Colonial Life") filed this interpleader action seeking a determination of which of several claimants is entitled to the proceeds of decedent Kendric Wade's life insurance policy and accompanying rider (the "Life Policy and Rider") and accident policy (the "Accident Policy") (collectively, the "Colonial Life Policies").[1] Kendric purchased the Life Policy and Rider from Colonial Life in 2012 and designated his mother, Helen Wade, as the beneficiary.[2] Kendric purchased the Accident Policy from Colonial Life in 2014 and designated his sisters, Lekisha and Serbrina Wade, as co-equal beneficiaries.[3]

---

[1] See First Amended Complaint for Interpleader, Docket Entry No. 17, pp. 4-6.

[2] See id. at 3.

[3] See id.

Kendric married Alethea Wade in 2015 and never amended the Colonial Life Policies to designate her as a beneficiary.[4] Kendric was shot and killed in December of 2017.[5] Helen pre-deceased Kendric, and the terms of the Life Policy and Rider made Kendric's estate the primary beneficiary.[6]

Alethea, Lekisha, Serbrina, and Kendric's father, Frank Hollingsworth,[7] are claimants on the Life Policy and Rider.[8] Alethea, Lekisha, and Serbrina are claimants on the Accident Policy.[9] Alethea claims that she is entitled to a share of the proceeds of the Colonial Life Policies despite not being named as a beneficiary because some portion of the Policies is community property under Texas law and that premiums were paid on the Policies with community funds until Kendric died.[10] Pending before the court is Defendants Lekisha Wade and Serbrina Wade's 12(b)(6) Motion to Dismiss ("Lekisha and Serbrina's Motion") (Docket Entry No. 27).

A Rule 12(b)(6) motion attacks the sufficiency of the pleadings and is "appropriate when a defendant attacks the

---

[4]See id.

[5]See id.

[6]See id. at 4.

[7]Frank Hollingsworth has not entered an appearance.

[8]See id.

[9]See id. at 3-4.

[10]See id.

complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom., Cloud v. United States, 122 S. Ct. 2665 (2002). "The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment." Murphy v. Inexco Oil Co., 611 F.2d 570, 573 (5th Cir. 1980). "In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by [Federal Rule of Civil Procedure] 56." Id.

Colonial Life was dismissed from this action, and the only issue remaining is the proper division of the proceeds of the Colonial Life Policies among the claimants.[11] Lekisha and Serbrina's Motion asks the court to address the merits of Alethea's claim to the proceeds of the Colonial Life Policies.[12] Their Motion is therefore properly characterized as a motion for summary judgment rather than a Rule 12(b)(6) motion to dismiss. Because Lekisha and Serbrina filed their Motion as a motion to dismiss, Alethea has not yet been afforded a reasonable opportunity to

---

[11] See Agreed Order Granting Interpleader and Partial Dismissal with Prejudice, Docket Entry No. 26.

[12] See Lekisha and Serbrina's Motion, Docket Entry No. 27, pp. 4-5.

respond with all material made pertinent by Rule 56.[13] The court therefore **ORDERS** that Lekisha and Serbrina's 12(b)(6) Motion to Dismiss be converted into a summary judgment proceeding. Alethea may respond by May 23, 2019. Althea shall submit evidence of the dates and amounts of all Policy premiums that she contends were paid with community funds. Lekisha and Serbrina may file a reply by June 6, 2019.

**SIGNED** at Houston, Texas, on this the 3rd day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[13]Alethea filed a Response to Lekisha and Serbrina's Motion alongside her own motion for summary judgment, but she must still be afforded an opportunity to submit an amended response presenting any evidence permitted by Rule 56. See Plaintiff Alethea Burke Wade's Opposition to Defendants Motion to Dismiss and Combined Motion for Summary Judgment, Docket Entry No. 28. The court will rule on the two pending summary judgment motions concurrently after the deadline for the parties to file responses and replies to Lekisha and Serbrina's Motion has passed.