IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1631 |
| ALETHEA BURKE WADE, SERBRINA WADE, LEKISHA WADE, and FRANK HOLLINGSWORTH, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Colonial Life & Accident Insurance Company ("Colonial Life") filed this interpleader action seeking a determination of which of several claimants is entitled to the proceeds of decedent Kendric Wade's life insurance policy and accompanying rider (the "Life Policy and Rider") and accident policy (the "Accident Policy") (collectively, the "Colonial Life Policies").¹ Kendric purchased the Life Policy and Rider from Colonial Life in 2012 and designated his mother, Helen Wade, as the beneficiary.² Kendric purchased the Accident Policy from Colonial Life in 2014 and designated his

---

¹See First Amended Complaint for Interpleader ("Interpleader Complaint"), Docket Entry No. 17, pp. 4-6. The Life Policy and Rider are Colonial Life Policy No. 8349840640. Id. at 3. The Accident Policy is Colonial Life Policy No. 4509905930. Id.

²See id. at 3.

sisters, Lekisha and Serbrina Wade, as co-equal beneficiaries.[3] Kendric married Alethea Wade on December 27, 2015, and never amended the Colonial Life Policies to designate her as a beneficiary.[4] Kendric was shot and killed in December of 2017.[5] Helen pre-deceased Kendric, and the terms of the Life Policy and Rider made Kendric's estate the primary beneficiary.[6]

Alethea, Lekisha, Serbrina, and Kendric's father, Frank Hollingsworth,[7] are claimants (or potential claimants) on the Life Policy and Rider.[8] Alethea, Lekisha, and Serbrina are claimants on the Accident Policy.[9] Alethea claims that she is entitled to a share of the proceeds of the Colonial Life Policies despite not being named as a beneficiary because policy premiums were paid with community funds during her marriage to Kendric.[10]

Colonial Life has been dismissed from this action, and the only issue remaining is the proper division of the proceeds of the

---

[3]See id.

[4]See id.

[5]See id.

[6]See id. at 4.

[7]Frank Hollingsworth has not entered an appearance and is not a party to this action.

[8]Interpleader Complaint, Docket Entry No. 17, p. 4.

[9]See id. at 3-4.

[10]See id.

Colonial Life Policies among the claimants.[11] The disputed funds -- totaling $212,500.00, plus interest -- were deposited in the court's registry on October 2, 2018.[12]

On January 25, 2019, Lekisha and Serbrina filed a 12(b)(6) Motion to Dismiss that improperly asked the court to address the merits of Alethea's claim to the proceeds of the Colonial Life Policies.[13] On May 3, 2019, the court ordered that Lekisha and Serbrina's Motion be converted into a summary judgment proceeding.[14] The court gave Alethea time to respond with all material made pertinent by Rule 56 of the Federal Rules of Civil Procedure.[15] Alethea timely responded to Lekisha and Serbrina's Motion and filed her own motion for summary judgment.[16] Lekisha and Serbrina filed

---

[11]See Agreed Order Granting Interpleader and Partial Dismissal with Prejudice, Docket Entry No. 26.

[12]See Docket Sheet in H-18-1631 [showing Interpleader Deposit of $216,854.85 received on October 2, 2018]; Order Granting Plaintiff's Amended Unopposed Motion to Deposit Interpled Funds into an Interest-Bearing Account, Docket Entry No. 18, p. 1 (ordering Colonial Life to tender "$212,500.00, representing the Disputed Accident Proceeds, Rider Proceeds, and Life Proceeds due under Colonial Life's policy nos. 4509905930 and 8349840640, plus any applicable interest").

[13]See Defendants' 12(b)(6) Motion to Dismiss ("Lekisha and Serbrina's Motion"), Docket Entry No. 27, pp. 4-5.

[14]See Memorandum Opinion and Order [May 3, 2019], Docket Entry No. 29, pp. 3-4.

[15]See id. at 4.

[16]See Plaintiff Alethea Burke Wade's Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Counter Motion for Summary Judgment ("Alethea's Response and Counter Motion"), Docket Entry No. 30.

a timely response to Alethea's Response and Counter Motion.¹⁷ Alethea also filed a reply to Lekisha and Serbrina's Response.¹⁸

Pending before the court are Lekisha and Serbrina's Motion (Docket Entry No. 27) and Alethea's Counter Motion (Docket Entry No. 30). For the reasons explained below, Lekisha and Serbrina's Motion will be granted in part and denied in part, and Alethea's Counter Motion will be granted in part and denied in part.

## I. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

---

¹⁷See Defendant Lekisha Wade and Serbrina Wade's Reply in Opposition to Plaintiff Aletha Burke Wade's Response and Counter Motion for Summary Judgment ("Lekisha and Serbrina's Response"), Docket Entry No. 31.

¹⁸See Plaintiff's Reply to Defendants' Opposition to Plaintiff's Counter Motion for Summary Judgment ("Alethea's Reply"), Docket Entry No. 32.

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

## II. Analysis

"'Proceeds of an insurance policy are by statutory definition nontestamentary in nature.'" Irwin v. Irwin, 307 S.W.3d 383, 385 (Tex. App. -- San Antonio 2009, pet. denied); see also Patrick v. Patrick, 182 S.W.3d 433, 438 (Tex. App. -- Austin 2005, no pet.). Nontestamentary assets are not subject to disposition by will and are not subject to the rules of intestate succession. See Valdez v. Ramirez, 574 S.W.2d 748, 750 (Tex. 1978). The proceeds of insurance policies are instead distributed to policy beneficiaries according to the terms of the policies. See id.; Patrick, 182 S.W.2d at 438 (stating that life insurance policies are nonprobate assets and are generally transferred upon the insured's death according to the terms of the policy). Because the Colonial Life Policies are nontestamentary assets, they must be distributed according to their terms.

Although Helen was the beneficiary of the Life Policy and Rider, she predeceased Kendric. Pursuant to the terms of the Life Policy, Kendric's estate became the primary beneficiary. The proceeds of the Life Policy and Rider must therefore be paid to Kendric's estate.[19] The proceeds of the Life Policy and Rider will

---

[19]Alethea, Lekisha, and Serbrina agree that the proceeds of the Life Policy and Rider should be distributed to Kendric's estate. See Alethea's Reply, Docket Entry No. 32, p. 1 ("[B]oth parties agree that the life insurance and accidental [death] rider totaling $200,000.00 should go to the estate of Kendric Wade."); Lekisha and
(continued...)

be distributed by the administrator of Kendric's estate according to Texas's rules of intestate succession.

The Accident Policy names Lekisha and Serbrina as beneficiaries. One-half of the proceeds of the Accident Policy have already been distributed to Lekisha and Serbrina.[20] While Alethea previously claimed entitlement to the other one-half of the Accident Policy,[21] she later agreed that she is only entitled to reimbursement for premiums paid on the Accident Policy with community funds.[22] When a life insurance policy is purchased before marriage with separate property, Texas courts have recognized the right of a spouse to be reimbursed for premiums paid from community funds during the marriage. See McCurdy v. McCurdy, 372 S.W.2d 381, 382-84 (Tex. Civ. App. -- Waco 1963, writ ref'd n.r.e.). The

---

[19](...continued)
Serbrina's Response, Docket Entry No. 31, p. 6 (". . .[T]he $200,000 will go to the estate . . . ."). The primary dispute between Alethea, Lekisha, and Serbrina lies in how much of the Life Policy and Rider Alethea is entitled to receive. But the issue of the proper division of the estate of Kendric Wade is not before the court. The administrator of Kendric's estate and the court overseeing probate of Kendric's estate will determine the proper distribution.

[20]See Interpleader Complaint, Docket Entry No. 17, pp. 3-4 ¶ 13.

[21]See Plaintiff Alethea Burke Wade's Opposition to Defendants Motion to Dismiss and Combined Motion for Summary Judgment, Docket Entry No. 28, p. 2 (". . . Alethea is entitled to at least 50% of the accidental policy. (i.e. $12,500.00)."); Interpleader Complaint, Docket Entry No. 17, pp. 3-4.

[22]See Alethea's Reply, Docket Entry No. 32, p. 1.

parties agree that Alethea should be reimbursed for Accident Policy premiums paid from community property during her marriage to Kendric. Alethea argues that during her marriage to Kendric they paid $517.29 in premiums on the Accident Policy.[23] Lekisha and Serbrina argue that the total paid in premiums on the Colonial Life Policies was $3,336.14.[24] After reviewing the premium payment history for the Accident Policy, the court finds that Kendric and Alethea paid $517.28 in policy premiums.[25] Alethea is therefore entitled to $517.28 in reimbursement for premiums paid with community property.

### III. Conclusion

The proceeds of the Life Policy and Rider will be distributed in their entirety to the estate of Kendric Wade. Alethea is entitled to the $517.28 in premiums paid on the Accident Policy during her marriage to Kendric. Lekisha and Serbrina are entitled

---

[23]See Alethea's Response and Counter Motion, Docket Entry No. 30, pp. 3-4.

[24]See Lekisha and Serbrina's Response, Docket Entry No. 31, p. 4 (". . . [Alethea] will take all of the premiums paid on both the life and accident policies in the amount of $3,336.14."). Lekisha and Serbrina do not specify what portion of the $3,336.14 was specific to the Accident Policy.

[25]See Payment History, Exhibit 1 to Lekisha and Serbrina's Response, Docket Entry No. 31-1, pp. 2-3. Alethea and Kendric married on December 27, 2015. After Kendric and Alethea married, 53 premium payments of $9.76 were paid to Colonial Life for the Accident Policy, totaling $517.28.

to the remaining proceeds of the Accident Policy. Lekisha and Serbrina's Motion (Docket Entry No. 27) is **GRANTED IN PART** and **DENIED IN PART**. Alethea's Counter Motion (Docket Entry No. 30) is **GRANTED IN PART** and **DENIED IN PART**.

Colonial Life deposited $216,854.85 in the court's registry. The additional $4,354.85 is interest on the Life Policy and Rider and the Accident Policy.[26] The court cannot enter a final judgment until Colonial allocates the additional $4,354.85 between the Life Policy and Rider and the Accident Policy. Colonial Life is hereby **ORDERED** to submit this allocation by July 11, 2019.

**SIGNED** at Houston, Texas, on this the 28th day of June, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[26] See Docket Sheet in H-18-1631 [showing Interpleader Deposit of $216,854.85 received on October 2, 2018]; Order Granting Plaintiff's Amended Unopposed Motion to Deposit Interpled Funds into an Interest-Bearing Account, Docket Entry No. 18, p. 1 (ordering Colonial Life to tender "$212,500.00, representing the Disputed Accident Proceeds, Rider Proceeds, and Life Proceeds due under Colonial Life's policy nos. 4509905930 and 8349840640, plus any applicable interest").